# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| L.B., BY AND THROUGH NEXT FRIEND, K.B., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:25-cv-01250 ) |
| ROCKWOOD R-VI SCHOOL DISTRICT, | ) ) |
| CRESTVIEW MIDDLE SCHOOL, | ) ) **JURY TRIAL DEMANDED** |
| CHRISTOPHER BRANDRIFF, | ) ) |
| AUSTIN KOENIG, | ) ) |
| LACY ARSENAULT, | ) ) |
| MELISSA GROFF, | ) ) ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW, L.B. by and through her mother and next friend, K.B. and states as follows:

### **Parties and Jurisdiction**

1. L.B. is the natural minor daughter of next friend K.B. and is a resident and citizen of St. Louis County, Missouri.

2. Defendant Rockwood R-VI School District ("District") is a public-school district operating in this venue. The District is located in St. Louis County, Missouri.

3. Defendant Crestview Middle School ("Crestview") is a public-school operating in this venue. Crestview is located in St. Louis County, Missouri.

4. Defendant Christopher Brandriff was the head principal at Crestview. He is a resident of Missouri. He is being sued in his individual and official capacities.

5. Austin Koenig was the Eighth-Grade principal at Crestview. He is a resident of Missouri. He is being sued in his individual and official capacities.

6. Defendant Lacy Arsenault was a counselor at Crestview. She is a resident of Missouri. She is being sued in her individual and official capacities.

7. Melissa Groff was a school nurse. She is a resident of Missouri. She is being sued in her individual and official capacities. Collectively, Defendants Brandriff, Koenig, Lacy and Groff will be referred to as "Individual Defendants."

8. At all times relevant, L.B. attended Crestview within the District.

9. L.B. received a right to sue letter within 90 days of filing this action.

10. This action is brought under the Missouri Human Rights Act and pursuant to 42 U.S.C. Sections 1983 as well as Title IX. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide the claims arising under state law pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2) as the judicial district where the events giving rise to the claim occurred.

12. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

13. L.B. was the victim of a pattern of aggressive behavior by a male student, who had previously struck L.B. and made inappropriate comments about her ("The Bully").

14. The Bully previously hit L.B. in the back of the head and even pushed her down the stairs.

15. L.B. had previously reported this behavior to the Individual Defendants.

16. Despite being aware of this behavior, the Defendants did nothing.

17. On or about October 24, 2023, L.B. was attending Crestview Middle School when she was kicked by The Bully, causing her to fall and hit her head on a wooden table, resulting in an injury, including but not limited to a concussion.

18. As a result of the incident, L.B. experienced symptoms including dizziness, headaches, balance issues, and cognitive difficulties, which have significantly impacted her education and daily life.

19. In a meeting, Defendant Brandriff stated, "we dropped the ball on this one."

20. The Defendants failed to take appropriate action to protect L.B. from bullying and harassment, despite being aware of the ongoing aggressive behavior by the student.

### Count I: Title IX Violation
### (v. District and Crestview)

21. K.B. incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

22. Defendants are a recipient of federal funding subjecting it to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

23. The Bully continuously harmed, harassed and bullied L.B. This denied her equal access to educational opportunities.

24. Defendants had the authority to institute corrective measures to assure this did not occur again to another student, including L.B.

25. Defendants were deliberately indifferent to this misconduct and did nothing to correct it.

26. As a direct and proximate result, L.B. suffered and will continue to suffer a head injury, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress.

27. This conduct was willful, recklessly indifferent to the rights of others, including L.B., and/or wanton, which entitles L.B. to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendants in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

### Count II: Public Accommodation Violation
### (v. District and Crestview)

28. K.B. incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

29. RSMo § 213.065 prohibits discrimination in any place of public accommodation.

30. L.B. filed a timely charge of discrimination.

31. L.B. is a member of a protected class, female.

32. She was subjected to unwanted harassment from The Bully.

33. L.B.'s gender was a contributing and/or motivating factor in the harassment and failure to intervene to protect her.

34. The harassment refused, withheld from, denied and/or attempted to refuse, withhold from and/or deny L.B.'s privilege made available in the District and/or segregated/discriminated against him in the use thereof on the grounds of his sex, female.

35. L.B. was deprived of the full and equal use and enjoyment of the District and Crestview, school and District's services by way of the Defendants actions and inactions, they failed to protect L.B. from The Bully.

36. Defendants knew or should have known of the harassment and failed to take prompt and effective remedial action.

37. As a direct and proximate result, L.B. suffered and will continue to suffer a head injury, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress.

38. This conduct was willful, recklessly indifferent to the rights of others, including L.B., and/or wanton, which entitles L.B. to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendants in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable

attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## Count III: Retaliation
### (v. District and Crestview)

39. K.B. incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

40. Defendants retaliated against L.B. after she reported bullying and a failure to accommodate by allowing the bullying to continue.

41. There is a casual connection between L.B.'s protected activity and the bullying as the Defendants created a constructive dismissal from school because the conditions were so intolerable.

42. As a direct and proximate result, L.B. suffered and will continue to suffer a head injury, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress.

43. This conduct was willful, recklessly indifferent to the rights of others, including L.B., and/or wanton, which entitles L.B. to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendants in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable

attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

### Count IV: Title IX Retaliation
### (v. District and Crestview)

44. K.B. incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

45. L.B. engaged in protected activity under Title IX when he reported sexual harassment.

46. Defendants receive federal funds.

47. Defendants retaliated by promoting and allowing bullying to occur and making conditions so intolerable that L.B. could not benefit from and enjoy the education.

48. The acts of the Defendant were intentional discrimination prohibited by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq

49. As a direct and proximate result, L.B. suffered and will continue to suffer a head injury, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress.

50. This conduct was willful, recklessly indifferent to the rights of others, including L.B., and/or wanton, which entitles L.B. to an award of punitive damages to punish and deter the same or similar conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against

7

the Defendants in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

### Count V: Equal Protection Claim Under 42 U.S.C. §1983
### (v. All Defendants)

51. K.B. incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

52. Defendants' actions were taken under color of state law.

53. As stated, L.B. was bullied by The Bully.

54. This conduct occurred because of L.B.'s sex, female.

55. The acts alleged herein violated L.B.'s right to equal protection under the law.

56. The harassment of L.B. was so severe, pervasive, and objectively offensive that it effectively deprived him of access to educational benefits or opportunities provided by the District.

57. Individual Defendants, who had authority to institute corrective measures, had actual notice of the bullying.

58. Defendants were deliberately indifferent to the hazing in that they did not thing to take appropriate corrective action.

59. The Defendants' deliberate indifference to the bullying represented the District's and Crestview's policy, custom, or practice and/or their response to this peer harassment departed from the established policies, customs, or practices.

60. Alternatively, but without waiving the foregoing, the acts and/or omissions set forth above were made by those with final policymaking authority.

61. As a direct and proximate result, L.B. suffered and will continue to suffer a head injury, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress.

62. This conduct was willful, recklessly indifferent to the rights of others, including L.B., and/or wanton, which entitles L.B. to an award of punitive damages to punish and deter the

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant to make her whole by awarding damages in an amount greater than $25,000.00, awarding joint and several damages for Plaintiff's emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation; awarding Plaintiff punitive damages against the Defendants in such sum as will serve to punish and deter Defendants and others from like conduct in the future; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL**

      Respectfully submitted,

      **PLEBAN & ASSOCIATES LAW, LLC**

By:    /s/ J.C. Pleban
      J.C. Pleban, #63166
      jc@plebanlaw.com
      Benjamin P. Kates, #65557
      bkates@plebanlaw.com
      2010 S. Big Bend Blvd.
      St. Louis, MO 63117
      (314) 645-6666
      (314) 645-7376  (FAX)

      *Attorneys for Plaintiff*